UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN WALKER,

                Petitioner,

- *against* -

J.M. KILLIAN, *et al*,

                Respondents.

07 Civ. 8837(KMK)(PED)

**REPORT AND RECOMMENDATION**

TO: THE HONORABLE KENNETH M. KARAS
     UNITED STATES DISTRICT JUDGE

**I.**   **Background**

Petitioner initiated this action, acting *pro se*, on October 15, 2007, at which time he was a federal prisoner. The petition challenged the Bureau of Prisons' decision to transfer him FCI Otisville to FCC-Butner, which is located in North Carolina.[1] On December 4, 2007, the United States Attorney, representing respondent, filed its opposition to the petition, arguing that: 1) petitioner failed to exhaust administrative remedies; and 2) the transfer (for medical reasons) was well within BOP's broad discretion over prison transfers. (D.E. 7). Petitioner filed a memorandum in support of the petition on or about March 3, 2008. (D.E. 9).[2]

On July 24, 2009, the government notified the court by letter that petitioner had been released from custody, subject to a term of supervised release, on June 10, 2009. (D.E. 12).

---

[1]The petition was assigned to the Honorable Kenneth M. Karas and was referred by Judge Karas to the Honorable Mark D. Fox, United States Magistrate Judge. (D.E. 2)

[2]The petition remained unadjudicated when Judge Fox retired effective August 8, 2008. The reference was reassigned to the undersigned on January 12, 2009. (D.E. 11).

1

The government sent a copy of the letter to petitioner at an address on West 299th Street, Bronx, NY, which was described as petitioner's "post-release address on file with the Federal Bureau of Prisons." In the letter, the government conceded that petitioner's release did not render this case moot as a matter of law, see Levine v. Apker, 455 F.3d 71, 76-77 (2d Cir. 2006), but urged the court to dismiss the petition for the reasons previously briefed.

Petitioner did not respond to counsel's July 24 letter.[3] Accordingly, on January 8, 2010, I entered an Order directing petitioner to notify the Court, in writing, no later than January 22, 2010, whether he wished to pursue his petition in light of his release from custody. (D.E. 13).

In a response dated January 20, 2010, and received by the undersigned on January 25, 2010, petitioner advised as follows:

> In light of my release from custody and the fact that I initiated this action, acting pro se on October 15, 2007 challenging my transfer from Otisville, New York to Butner, North Carolina I have decided not to pursue my petition as my remedy is now moot.

(A copy of petitioner's January 20, 2010 letter to the court is attached to this Report and Recommendation as an Exhibit.)

## II. Analysis

The Court of Appeals has made clear that the release of a prisoner who has filed a habeas petition challenging the prisoner's institutional placement does not automatically render the petition moot because the court could fashion a post-release remedy such as a reduction in the petitioner's term of supervised release. Levine v. Apker, 455 F.3d 71, 76-77 (2d Cir.

---

[3]Petitioner apparently never received the government's July 24, 2009 letter to the court.

2

2006)(challenge to BOP policy limiting duration of halfway house placement).

However, the medical transfer at issue in this case – unlike a challenged decision to delay a petitioner's release to community confinement – does not correlate in any obvious way to the the duration or to the conditions of the petitioner's supervised release. Not only has petitioner failed to request or even to identify any remedy he could be granted now that he is no longer in BOP custody, but petitioner has affirmatively indicated that he has "decided not to pursue" the petition because his "remedy is now moot."

Under these circumstances, the petition is moot. As there is no remaining "case or controversy" to be adjudicated by the court, I respectfully recommend that this case be dismissed, with prejudice, as moot.

**NOTICE**

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of seventeen (17) days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

3

Dated: January 26, 2010
White Plains, New York

Respectfully submitted,

Paul E. Davison
United States Magistrate Judge
Southern District of New York

699 W 239 St  
Riverdale, N.Y. 10463

1/20/2010

Dear Judge Davison

In light of my release from custody and the fact that I initiated this action, acting pro se on October 15, 2007 challenging my transfer from Otisville, New York to Butner, North Carolina I have decided not to pursue my petition as my remedy is now moot.

Sincerely,

[signature]

PS I never received a letter from counsel dated July 24, 2009 perhaps because it was sent to West 299th Street in the Bronx although both the Bronx halfway house and the United States Probation Department have my correct address.